UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARK MANICKI, )
)
Plaintiff, )
)
vs. ) 04 C 6374
)
BRIAN ZEILMANN, Personally and in his )
Official Capacity as the Chief of the Ottawa Police )
Department; and THE CITY OF OTTAWA, a )
municipal corporation, )
)
Defendants. )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on the motion of Defendants Brian Zeilmann and the City of Ottawa, Illinois ("the City"), for summary judgment in their favor on the entirety of the complaint of Plaintiff Mark Manicki. For the reasons set forth below, the motion is granted.

### BACKGROUND

Manicki is a former employee of Ottawa Police Department. He joined the force in early 2003 as a probationary officer; his term of probation was to last one year. In October 2003, Manicki witnessed a fight between two other Ottawa police officers.

During the ensuing investigation, he provided statements to the Ottawa Police Department, the Illinois State Police, and the LaSalle County State's Attorney's office. According to Manicki's federal complaint, Zeilmann pressured him to change his statement, but Manicki refused. Shortly thereafter, Zeilmann recommended that the Ottawa Board of Fire and Police Commissioners ("the Board") terminate Manicki's employment because he had not successfully completed his probation period. The Board followed Zeilmann's recommendation one week before Manicki's one-year anniversary on the force.

Approximately one month later, Manicki filed a complaint in state court seeking administrative review of the Board's decision. It named Zeilmann, the Board, and its chairman, Rob Alvarado, as defendants. The claim for relief was premised on a collective bargaining agreement between the Police Department and the City. Manicki averred that the agreement conferred upon him a property interest in continued employment, despite his probationary status. According to Manicki, this property interest entitled him to a hearing on his dismissal, which he did not receive. Though the complaint made reference to Manicki's theory that Zeilmann recommended that he be fired in unlawful retaliation for his refusal to change his statements about the October 2003 incident, he asserted no cause of action stemming from that allegation.

The defendants in the state action moved for summary judgment, contending that the provisions of the agreement upon which Manicki relied did not apply to him as a probationary employee. The circuit court agreed and granted summary judgment in their favor.

Three months after final judgment was entered in the state court case, Manicki filed the instant suit. The centerpiece of his complaint is an action under 42 U.S.C. § 1983, alleging that Zeilmann violated Manicki's First Amendment rights by penalizing him for the testimony he offered in the investigation of the fight. Zeilmann and the City now move for summary judgment in their favor, arguing that the previous state action precludes Manicki from bringing this suit.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, reveals that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden of showing that no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548 (1986). The burden then shifts to the non-moving party to show through specific evidence that a triable issue of fact remains on issues on which the non-movant bears the burden of proof at trial. Id. The non-movant may not rest upon mere allegations

in the pleadings or upon conclusory statements in affidavits; it must go beyond the pleadings and support its contentions with proper documentary evidence. Id. The court considers the record as a whole and draws all reasonable inferences in the light most favorable to the party opposing the motion. Bay v. Cassens Transport Co., 212 F.3d 969, 972 (7th Cir. 2000). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Insolia v. Philip Morris, Inc., 216 F.3d 596, 599 (7th Cir. 2000); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). With these principles in mind, we consider the instant motion.

## DISCUSSION

Because the earlier suit at issue here was decided in Illinois state court, the question of its preclusive effect on Manicki's federal suit must be determined according to Illinois state law. See Kremer v. Chemical Construction Corp., 456 U.S. 461, 481, 102 S. Ct. 1883, 1898 (1982). In Illinois, the doctrine of res judicata bars a party from litigating any claims that were or could have been[1] raised in a prior proceeding. See

---

[1] It is well-settled that state courts are empowered to hear and decide federal claims in most instances, including § 1983 actions. See Yellow Freight System, Inc. v. Donnelly, 494 U.S. 820, 823, 110 S. Ct. 1566, 1568 (1990); Tampam Farms, Inc. v. Supervisor of Assessments for Ogle County, 649 N.E.2d 87, 91 (Ill. App. Ct. 1995). Thus, Manicki could have brought his § 1983 claims in the state court action in conjunction with his request for review of the administrative action.

River Park, Inc. v. City of Highland Park, 703 N.E.2d 883, 889 (Ill. 1998). A claim will be precluded if the earlier action resulted in a final judgment on the merits, there is identity of the causes of action asserted in the two suits, and the parties to the later suit are identical to or privies to those in the prior one. See id. In this case, the focus is on the second element, as Manicki does not argue that the other two are not present.

It is undisputed that Manicki's state court complaint did not assert a claim for violation of his First Amendment rights. At first blush, the claim that he did assert, a breach of contractual obligations under the collective bargaining agreement, does not appear to bear enough of a resemblance to his current constitutional tort action to satisfy the "identity of action" aspect required for his federal claim to be precluded. However, for res judicata purposes, separate claims are considered the same cause of action if they are rooted in the same group of operative facts, whether or not they assert different legal theories. See id. at 893. This remains true even if the evidence required to prove the different theories does not substantially overlap. See id.

A close comparison of the complaints in the state court action and in this suit reveals that, although the factual allegations are different, both stem from the legal effect of events commencing with the testimony Manicki offered regarding the October 2003 incident and culminating in his termination in January 2004. The state court complaint focuses on how the termination was effected, while the federal case revolves

around why it occurred, but at bottom they both concern the "same ball of wax." Okoro v. Bohman, 164 F.3d 1059, 1062 (7th Cir. 1999). This is undoubtedly a closer case than most situations in which res judicata is clearly implicated or clearly not at play. See e.g., Hermann v. Cencom Cable Assocs., Inc., 999 F.2d 223, 226–27 (7th Cir. 1993). However, we are convinced that these two cases are similar enough to be considered to arise from the a single group of operative facts. See id.; Button v. Harden, 814 F.2d 382, 384-85 (7th Cir. 1987), abrogated in part on other grounds by Spiegla v. Hull, 371 F.3d 928, 941–42 (7th Cir. 2004). A contrary result would allow a state court plaintiff to circumvent res judicata and undermine its purpose simply through artful pleading. Because Manicki's federal complaint satisfies all three of the elements required for the operation of res judicata, we conclude that he is barred from bringing this suit, and Defendants are entitled to summary judgment in their favor. The operative facts in both suits clearly involve the same transaction.

One last point merits attention. Manicki argues that, even if res judicata applies in this case, Defendants forfeited their ability to assert it through conduct prior to the suit's filing. Specifically, he claims that Defendants should have asserted that the doctrine applied when he first suggested that he would seek relief in federal court during an exchange of correspondence between the parties. Although Manicki is correct that Illinois courts will sometimes allow a plaintiff to escape the typical bar that

attaches to later-brought claims when a cause of action is split, the cases allowing such a result involve prolonged conduct indicating or official representations that the defendant will not rely upon the doctrine down the line. See Saxon Mortgage, Inc. v. United Financial Mortgage Corp., 728 N.E.2d 537, 546–47 (Ill. App. Ct. 2000); Thorleif Larsen and Son, Inc. v. PPG Industries, Inc., 532 N.E.2d 423, 427 (Ill. App. Ct. 1988). In this case, a fleeting comment made in a single letter does not rise to the level that is required to make application of the typical rule against allowing a plaintiff to split cases inequitable.

## CONCLUSION

Based on the foregoing analysis, we conclude that Manicki's suit is barred by res judicata. Defendants' motion for summary judgment on the entirety of the complaint is accordingly granted.

Charles P. Kocoras
Chief Judge
United States District Court

Dated: FEB 2 4 2005